Matter of DeSaulnier (No. 4).

COMMONWEALTH OF MASSACHUSETTS

Supreme Judicial Court for the Commonwealth

Suffolk, ss.                                            Law No. 14927

In the Matter of

EDWARD J. DeSAULNIER, JR.,

Respondent

ANSWER AND FURTHER INFORMATION
OF THE RESPONDENT DESAULNIER

To the Honorable the Justices of the Supreme Judicial Court:

Whereas on October 5, 1971, special Counsel to this Honorable Court filed with the Court a certain Information designating Edward J. DeSaulnier, Jr., Justice of the Superior Court as a Respondent, the said Edward J. DeSaulnier, Jr., now, without waiving his "Plea to the Jurisdiction" filed herein, but expressly relying thereon, respectfully makes answer and further informs the Court as follows:

(corresponding Paragraphs in the Information are noted in parenthesis)
1. (1–15) Paragraphs 1 through 15 of the Information are true statements to the best of the Respondent's information and belief. Respondent further informs the Court that his friendship with Nathan Baker was no more intimate than his friendship with others, including members of the bench and of the bar.
2. (16) The Respondent denies the inferences of Paragraph 16 that his friendship with Nathan Baker impaired or impeded his functioning as a member of the Bail Committee of the Superior Court and further states that no complaint against the said Nathan Baker was brought before the Bail Committee while Respondent was a member of the said Committee, nor, to Respondent's information and belief, was any complaint against the said bondsman made at any time prior to July of 1971.
3. (17) Paragraph 17 of the Information is a true statement to the Respondent's information and belief.
4. (18) Paragraph 18 of the Information is a true statement to the Respondent's information and belief. Respondent respectfully informs the Court that the said telephone is available to the clerk, the probation officer or to any person directed by the Court to make a call.
5. (19) Paragraph 19 of the Information is true to the best of Respondent's information and belief.
6. (20) Paragraph 20 of the Information is accurate and correct in that the said telephone bill includes telephone calls made by the Respondent during the time that he was assigned to sit in Berkshire County and were made by the Respondent as an ordinary incident to his being away from home on judicial assignment.

7. (21) The photographic copy of the endorsed New England Telephone Company bill is accurate to the Respondent's information and belief.

8. (22) Paragraph 22 of the Information is a correct statement of fact.

Respectfully submitted,
By his attorney,
WALTER J. HURLEY.